```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SANKALP BHATNAGAR,                                          :
                                    Plaintiff,              :
                                                            :      20 Civ. 2321 (LGS)
                -against-                                   :
                                                            :      OPINION AND ORDER
THE PARSONS SCHOOL OF DESIGN AT                             :
THE NEW SCHOOL,                                             :
                                    Defendant.              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Sankalp Bhatnagar brings this action alleging that Defendant the Parsons School of Design at the New School discriminated against him by conferring a Master of Fine Arts degree without permitting him to complete a thesis project in the expanded timeframe he requested. Defendant moves to dismiss the Complaint's causes of action for (1) race and national origin discrimination in violation of Title VI of the Civil Rights Act (Count 3), the New York State Human Rights Law ("NYSHRL") (Count 4) and the New York City Human Rights Law ("NYCHRL") (Count 5) and (2) violation of the New York State Education Law ("NYSEL") (Count 7), in each case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

**I.     BACKGROUND**

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

Plaintiff is an American citizen of Indian race and national origin. Plaintiff enrolled at the Parsons School of Design in 2016 in a Master of Fine Arts in Transdisciplinary Design.

Beginning in 2018, Plaintiff began to have issues with professors and staff due in part to his thesis -- a study critical of Defendant's design Master's program and various professors and advisers with whom Plaintiff had complaints. Plaintiff's thesis advisers privately and publicly criticized Plaintiff's thesis proposal, told him he was sabotaging himself and expressed worries about his behavior. Those concerns arose in part from a thesis check-in presentation that Plaintiff gave in March 2018, in which he publicly referred to negative interactions he was having with staff, including his thesis advisors. Concerned that he would be unable to complete his thesis in time with his current advisors, Plaintiff requested he be allowed to stay in his program for an extra year and requested a change of advisors. Defendant's ombudsman stated that students commonly took an extra year to complete their programs and then suggested that Plaintiff graduate without completing his thesis. In June 2018, Defendant stated that Plaintiff would have to complete his thesis without any extension and granted him passing grades in courses for which he had not completed coursework. In July 2018, Defendant stated that Plaintiff could receive a degree without completing his thesis. Several days later, Defendant informed Plaintiff that he would be granted a degree without completing his thesis and that he would not be provided an extension. In August 2018, Plaintiff met with Defendant and formed the impression that he would be granted an extension, but then discovered that Defendant had already conferred his degree. Defendant then barred Plaintiff from its facilities.

Plaintiff subsequently obtained his education records under the Family Educational Rights and Privacy Act of 1974 ("FERPA"). Those records showed that Defendant believed Plaintiff had a disability or mental illness that rendered him a threat requiring additional security -- causing Defendant to confer Plaintiff's degree without completion of his thesis or an extension. Those records also showed that on one occasion, Defendant intercepted and returned

a letter addressed to Plaintiff due to concerns that it was potentially dangerous. On another occasion, Defendant searched Plaintiff's bags without his knowledge due to security concerns.

Plaintiff filed suit, claiming, inter alia, that (1) Defendant discriminated against him -- by improperly assuming he had a mental illness or by finding him a threat based on his race and national origin -- in violation of Title VI, the NYSHRL and the NYCHRL and (2) that Defendant violated the NYSEL by conferring a degree upon him without ensuring he met all requirements.[1]

## II. STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

---

[1] The Complaint also asserts claims for disability discrimination in violation of the Americans With Disabilities Act (Count 1) and Rehabilitation Act (Count 2), and breach of contract (Count 6). Defendant's motion to dismiss does not challenge those claims.

3

## III. DISCUSSION

### A. Race and National Origin Claims Under Title VI, NYSHRL and NYCHRL

#### 1. Title VI and NYSHRL

Title VI of the Civil Rights Act prohibits institutions that receive federal funds from discriminating "on the ground of race, color, or national origin." 42 U.S.C. § 2000d. The NYSHRL similarly prohibits discrimination in education because of race, national origin and disability. N.Y. Exec. Law art. 15 § 296.4.

To plead a sufficient discrimination claim under Title VI, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Ikedilo v. Statter*, 19 Civ. 9967, 2020 WL 5849049, at *8 (S.D.N.Y. Sept. 30, 2020) (applying Title VII pleading requirement to Title VI and other discrimination claims and citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)); *see also Johnson v. N.Y. Univ.*, 17 Civ. 6184, 2018 WL 3966703, at *7 (S.D.N.Y. Aug. 20, 2018) (applying *Vega* pleading requirement to Title VI claim), *report and recommendation adopted*, 17 Civ. 6184, 2018 WL 4908108 (S.D.N.Y. Oct. 10, 2018), *aff'd*, 800 Fed App'x 18 (2d Cir 2020). The same pleading requirement applies to discrimination in education claims brought under the NYSHRL. *See Cardwell v. Davis Polk & Wardwell LLP*, No. 19 Civ. 10256, 2020 WL 6274826, at *29 n.21 (S.D.N.Y. Oct. 24, 2020) (citing *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015)) ("The pleading standard for an NYSHRL [claim] is the same as for the analogous federal law claims."). Nonetheless, "a discrimination complaint must still at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and quotations omitted).

The Complaint does not plausibly allege a minimal inference of discrimination due to Plaintiff's race or national origin. It states that "Defendant[] intentionally discriminated against Plaintiff on account of his race and national origin in violation of Title VI" because it "feared that [Plaintiff] posed some threat, based on his race and national origin." Following that basic allegation, the Complaint pleads facts showing that Defendant was concerned about Plaintiff's mental health and the effects of his mental state on the safety of other students and faculty:

- Plaintiff's thesis advisor stated that his "thinking seems to be clearly delusional . . . [Defendant] didn't take my request seriously for security presence during our graduation events - there was none. I remain fearful of him and am avoiding going to my own office because I fear he is around in D12." That advisor later noted Plaintiff's "erratic behavior" and stated she was "growing increasingly uncomfortable and worr[ied] about our students and faculty safety." That advisor also recounted an incident in which Plaintiff "was acting strangely [and] he was carrying a backpack and another handbag," resulting in a call to security because another employee "was concerned about what they might contain," because she had "concern over his own mental state as well as security for others."

- One of Defendant's employees stated that "[t]his seems to me an increasingly worrisome situation. In my opinion student health services should be weighing in on [Plaintiff's] mental health status to be sure he is safe." Another employee characterized Plaintiff as a "troubled student" in an email.

- A professor stated that "[Plaintiff's] presentation at the thesis event was highly unprofessional to say the least, and his behavior was concerning enough that several of us, independently, worried for our safety. . . . For me, that's probably a result of a climate of anxiety of mass violence on college campuses."

- Citing security concerns, Defendant did not accept a letter addressed to Plaintiff and at one point searched his bags.

These allegations do not plausibly support a minimal inference that Defendant's actions were racially discriminatory. The Complaint simply rephrases the relevant legal standard and couples it with statements supporting the inference that the reason for Defendant's conduct was its fear about Plaintiff's mental stability and not any racial animus. *See, e.g., Johnson v. N.Y. Univ.*, No. 17 Civ. 6184, 2018 WL 3966703, at *7 (S.D.N.Y. Aug. 20, 2018), *report and*

5

*recommendation adopted*, No. 17 Civ. 6184, 2018 WL 4908108 (S.D.N.Y. Oct. 10, 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020) (dismissing Title VI discrimination claims where plaintiff was expelled from school following a larceny hearing and pleaded a discriminatory motive only "in the most conclusory terms"); *Hernandez v. N.Y. City Dep't of Sanitation*, No. 18 Civ. 1808, 2018 WL 5447540, at *3 (S.D.N.Y. Oct. 29, 2018) (dismissing claim that "Defendants discriminated and retaliated against Plaintiff on the basis of his race" where the complaint alleged only that the defendants' supervisors were Caucasian and the plaintiff was African American).

In response, Plaintiff first argues that the Complaint's conclusory allegations of discrimination, when paired with specific factual allegations regarding events leading up to Defendant's adverse actions, suffice to create a minimal inference of discrimination. This argument is unpersuasive because even under this lenient standard, the allegations still must "give *plausible* support to a minimal inference of discrimination." *Littlejohn v. City of N.Y.*, 795 F. 2d 297, 311 (2d Cir. 2015) (emphasis added). Although the Complaint's factual allegations do not rule out a discriminatory motive, they do not "nudge [the Complaint's] claims across the line from conceivable to plausible." *Port Auth. of N.Y. & N.J.*, 768 F.3d at 254; *accord Johnson*, 2018 WL 3966703, at *7 (plaintiff failed to plausibly allege discrimination where facts alleged were "merely consistent with" the defendants' liability (quoting *Twombly*, 550 U.S. at 557)).

Second, Plaintiff argues that "the Complaint concludes by inference that Defendant's [actions] were motivated by . . . his national origin from a part of the world associated with terrorism (South Indian) and brown skin." This argument is unpersuasive because the inference is conclusory, and the Complaint contains no factual allegations that makes this inference of discriminatory intent plausible. Fed. R. Civ. P. 8(a). For example, the Complaint does not allege

6

any remarks by Defendant about his skin color or national origin, or comments or conduct associating his race or ethnicity with terrorism.

Third, Plaintiff argues that discrimination can be inferred from the fact that he was denied a thesis extension but was told that students were frequently granted such extensions. This argument is unpersuasive because, when plaintiffs rely on disparate treatment allegations to support an inference of discrimination, they must allege "a reasonably close resemblance of the facts and circumstances" of their case and others similarly situated. *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks omitted); *accord Daniels v. City of N.Y.*, No. 17 Civ. 9960, 2019 WL 251511, at *4 (S.D.N.Y. Jan. 17, 2019). The Complaint alleges no facts that plausibly support finding Plaintiff similarly situated to the students who received thesis extensions. *See, e.g.*, *Yan v. Ziba Mode Inc.*, No. 15 Civ. 47, 2016 WL 1276456, at *5 (S.D.N.Y. Mar. 29, 2016) (dismissing disparate treatment claim where plaintiff "fail[ed] to plead any facts regarding how [the plaintiff's comparators'] identities, experience levels, and conduct compared to [the p]laintiff's").

2. **NYCHRL**

The NYCHRL prohibits discrimination based on race, national origin and disability. N.Y.C. Admin. Code § 8-107(1)(a).[2] The NYCHRL expressly provides that it is to be "construed liberally" to accomplish its "uniquely broad and remedial purposes" regardless of

---

[2] Although the NYCHRL primarily addresses employer discrimination, it also prohibits discrimination on the basis of race, color and national origin by agents of any "place or provider of public accommodation." N.Y.C. Admin. Code § 8-107.4.a. Such providers are broadly defined as "providers . . . of goods, services, facilities, accommodations, advantages or privileges and places, whether licensed or unlicensed, where goods, services, facilities, accommodations, advantages or privileges of any kind are extended, offered, sold, or otherwise made available." N.Y.C. Admin. Code § 8-102. The parties do not dispute that Defendant is a provider of public accommodations subject to the NYCHRL.

whether federal and state law are similarly construed.  N.Y.C. Admin. Code § 8-130.  To plead a discrimination claim under the NYCHRL, a plaintiff must allege only that "she [was] treated 'less well' ... because of a discriminatory intent." *Cardwell*, 2020 WL 6274826, at *19.  Given the NYCHRL's broad remedial sweep, "a focus on unequal treatment based on gender or another protected class . . . is in fact the approach that is most faithful to the [NYCHRL's purpose]." *Shukla v. Deloitte Consulting LLP*, No. 19 Civ. 10578, 2020 WL 3181785, at *10 (S.D.N.Y. June 15, 2020) (alterations omitted and added) (citing *Mihalik v. Credit Agricole Cheuvreux N. Am. Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)).

The Complaint does not meet this minimal pleading standard for the reasons stated above.  The Complaint makes only conclusory allegations about Defendant's allegedly discriminatory motive and "fail[s] to allege sufficient facts showing minimal support for an inference of discrimination or retaliation." *Adams-Flores v. Cnty. of N.Y.*, No. 18 Civ. 12150, 2021 WL 918041, at *4 (S.D.N.Y. Mar. 10, 2021) (dismissing NYCHRL claims where plaintiff failed to provide facts showing employees in a protected group were treated more favorably).

### 3. Leave to Re-Plead Race and National Origin Discrimination Claims

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020).  Leave to amend also may be denied where the plaintiff "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

Plaintiff's race and national origin claims under Title VI, the NYSHRL and the NYCHRL are dismissed, but Plaintiff may seek leave to replead those claims within twenty-one days of the date of this Opinion. Should Plaintiff seek leave to replead, he shall (1) file a letter motion not to exceed three pages explaining how a First Amended Complaint ("FAC") would plausibly allege race or national origin discrimination under Title VI, the NYSHRL or the NYCHRL and (2) append to the letter motion a draft of the proposed FAC marked to show changes from the Complaint. Within seven days of the filing of any such letter motion, Defendant shall file a letter response not to exceed three pages.

### B. Claim for Violation of the NYSEL

The Complaint alleges that Defendant (1) granted Plaintiff passing grades in classes where he did not complete his coursework and (2) granted him a Master's degree although he did not complete his thesis. The Complaint alleges that Plaintiff was harmed by this conduct because he has been unable to enroll in a design PhD program. These allegations are strained. First, passing grades in classes where Defendant was not completing coursework would likely be viewed more favorably by PhD programs than the failing or incomplete grades Plaintiff presumably otherwise would have received. Second, Plaintiff does not explain how completing his proposed thesis -- a study critical of Defendant's educational programs and specific individuals at Defendant -- would have provided a benefit in obtaining entry into a design PhD program. Regardless, Plaintiff provides no explanation of how this personal harm translates to the Complaint's alleged violation of the NYSEL.

Instead, the Complaint concludes that the quality of education in New York as a whole has been harmed by Defendant's conduct, because (1) Defendant has an education program (the "Education Plan") registered with the State Education Department pursuant to NYSEL § 237 and

an accompanying regulation, 8 NYCRR § 3.47 and (2) the Education Plan requires each student to complete a thesis. The parties provide no case in which a litigant was permitted or prohibited to bring a private right of action pursuant to NYSEL § 237, nor has the Court identified any such authority. In considering whether such a private right exists, the most important factor is "whether creation of such a right would be consistent with the legislative scheme." *Cruz v. TD Bank, N.A.*, 2 N.E.3d 221, 226 (N.Y. 2013); *accord Joseph v. Nyack Hosp.*, 136 N.Y.S.3d 404, 408 (4th Dep't 2020).

The NYSEL's legislative scheme does not support a private right of action. NYSEL § 237 and its accompanying regulation address development and approval of education plans for the purpose of furthering statewide higher education objectives. They do not address *enforcement* of an institution's education plans, as Plaintiff argues, and permitting a private right of action on that basis would not further the statute's purpose. Allowing private litigants to bring claims would also disrupt the statute's multi-step mechanism for plan development and approval, which (1) contemplates that the Regents of the University of the State of New York exercise authority for purposes of approving institutional educational plans and also (2) vests approval authority with the governor of New York.

## IV. CONCLUSION

This opinion sets forth the basis for the Court's May 5, 2021, Order granting Defendant's partial motion to dismiss. The May 5 Order granted Defendant's motion to dismiss Counts 3 and 7 in their entirety and Counts 4 and 5 in part as to the claims of race and national origin discrimination.

For clarity, the claims alleging race and national origin discrimination under Title VI, the NYSHRL and the NYCHRL have been dismissed. If Plaintiff has additional facts to plead that

10

he believes will support the inference that Defendant's actions were *because of* Plaintiff's race or national origin, Plaintiff may file a letter motion as set forth above seeking leave to replead those claims by June 29, 2021. Within seven days of the filing of any such letter motion, Defendant shall file a letter response not to exceed three pages.

For clarity, the surviving claims are the disability discrimination claims -- Counts 1 and 2 alleging violation of the Americans With Disabilities Act and Rehabilitation Act and Counts 4 and 5 to the extent they allege disability discrimination in violation of the NYSHRL and NYCHRL. Count 6, the breach of contract claim, also survives.

Dated: June 8, 2021
      New York, New York

                                            LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE