## Shebitz Berman & Delforte, P.C.
**ATTORNEYS-AT-LAW**
1350 AVENUE OF THE AMERICAS, 2ND FLOOR
NEW YORK, NEW YORK 10019
TEL: (212) 832-2797
FAX: (212) 832-2782 - NOT FOR SERVICE
http://www.shebitzlaw.com
E-mail: info@shebitzlaw.com

GEORGE SHEBITZ (1947-2006)
FREDERICK J. BERMAN
MATTHEW J. DELFORTE
JACOB S. CLAVELOUX**
BENJAMIN CAIN**
----------
**(ALSO ADMITTED IN NJ)

> Plaintiff's sealing application is GRANTED for substantially the reasons stated in Plaintiff's letter. The materials at docket numbers 82, 83, 84, 85 and 93 shall be sealed with access limited to the parties listed in the appendix at docket number 81. Plaintiff shall file the redacted documents on the public docket by **July 29, 2021**.
>
> The Clerk of Court is respectfully directed to close the motion at docket number 81.
>
> Dated: July 22, 2021
> New York, New York
>
> LORNA G. SCHOFIELD
> **UNITED STATES DISTRICT JUDGE**

July 14, 2021

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Bhatnagar v. Parsons School of Design and The New School*
             20 Civ. 2321 (LGS)

Dear Judge Schofield:

      In accordance with the Court's order, in Docket number 87, this letter identifies the specific portions of Plaintiff's documents that contain sensitive, confidential information and the basis for sealing same under *Lugosch v. Pyramid Co.*, 453 F.3d 110 (2d Cir. 2006). We have identified the following, limited, portions of Plaintiff's documents for redaction in the public record, all of which solely contain testimony or references to and concerning Mr. Bhatnagar's medical records and treatment or testimony or information regarding Defendant's students other than Mr. Bhatnagar:

- Plaintiff's Response to Defendant's Statement Of Undisputed Facts (Docket No. 85):
    - Response 38
    - Response 41 (last sentence)
    - Response 43
    - Response 44
    - Response 58 (last sentence)
    - Response 88
    - Response 89 (last sentence)
    - Response 91

**Shebitz Berman & Delforte, P.C.**

The Honorable Lorna G. Schofield
July 14, 2021
Page 2 of 3

- Affirmation of Jacob S. Claveloux in Opposition Of Defendant's Motion For Summary Judgment (Docket No. 82):
    - Paragraph 22 (Page 8)
    - Exhibit 12: Transcript pages 79-83, 101
    - Exhibit 15: Transcript pages 33-35, 39-44, 53-56, 77-78, 146
    - Exhibit 19: Exhibit cover page description and all transcript pages

- Plaintiff's Memorandum of Law (Docket No. 84):
    - Statement of Facts (Page 3; Paragraph 2)
    - Statement of Facts (Page 8; Paragraph 2)

A copy of the documents in proposed redacted form is attached.

In accordance with the analysis as outlined in *Lugosch v. Pyramid Co.*, 453 F.3d 110 (2d Cir. 2006), the minimal redactions made by Plaintiff to the documents filed in opposition to defendant's motion for summary judgment, should be allowed to be filed under seal. The three-part test in *Lugosch* considers: 1) whether the documents are judicial documents; 2) the importance of the information to the merits of the case; and 3) the importance of competing considerations, including the privacy interests of those who oppose disclosure, when weighed against the presumption of access. Applying the first factor, since all of the documents at issue are "documents submitted to a court for its consideration in a summary judgment motion" (*Lugosch* at 121), they are all presumably "judicial documents" entitled to a presumption of public access. However, the minimal redactions made by the parties are only to documents, and references to documents, that relate to either plaintiff's medical records, which are protected health information ("PHI"), or to the identity of defendant's other students not a party to this case. These few documents and references are not highly relevant to the determination of the pending motions, as the Court may decide these motions without direct reference to plaintiff's medical records and without naming defendant's other students.

The privacy interests of plaintiff in his medical records are plain, as the Health Insurance Portability and Accountability Act (HIPAA), 110 Stat. 1936, and its regulations, 45 CFR §§ 160, 164, protect medical records and other PHI as confidential information prohibited from disclosure. Regarding the identification of defendant's other students, we understand that the burden to seal those portions rests with defendant, but we do note that while the Court may rely on facts related to other students in issuing its decision on this motion, it does not need to identify any of these students other than plaintiff in doing so. Those other students, who are not parties to this lawsuit, and are likely not even aware of its existence, would have a strong privacy interest in not having their names or other identifying characteristics identified in the public record. Therefore, on balance the privacy interests of plaintiff in his HIPAA protected medical records and other PHI

**Shebitz Berman & Delforte, P.C.**

The Honorable Lorna G. Schofield
July 14, 2021
Page 3 of 3

and of non-party students in their overall privacy, outweighs the presumption of access, particularly in light of the narrow scope of redactions requested in this matter.

                                              Respectfully,

                                              /s/
                                          _____
                                          Jacob S. Claveloux
                                          SHEBITZ BERMAN & DELFORTE, P.C.
                                          Attorneys for Plaintiff
                                          1350 Avenue of the Americas, 2nd Floor
                                          New York, NY  10019
                                          (212) 832-2797

cc: Michael Collins (by ECF)